UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS ALFREDO RAMIREZ,<br><br>                              Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                              Respondent. | Case No.: 18-CR-4217-JO<br><br>**ORDER DENYING PETITIONER'S MOTION TO REDUCE SENTENCE PURSUANT TO 28 U.S.C. § 2255** |

Petitioner filed this 28 U.S.C. § 2255 motion on January 9, 2023, asking the Court to vacate or reduce his sentence because he received ineffective assistance of counsel. Dkt. 339 ("§ 2255 Mot."). Specifically, Petitioner contends that his counsel acted unreasonably in the following ways: (1) declining to conduct an extensive investigation into Petitioner's confession; (2) declining to cross examine a witness regarding this confession; (3) opting not to object to a firearm enhancement at sentencing; (4) failing to adequately consult with Petitioner during the attorney-client relationship; (5) declining to pursue a particular jury

1

instruction at trial; and (6) failing to convey a formal plea offer and advise Petitioner of the option to enter an open plea. *Id.* Petitioner also filed a motion for discovery, an evidentiary hearing, and to appoint counsel. *Id.* at 15–17.

First, Petitioner has not established that counsel's failure to investigate the circumstances around his confession warrants relief under 28 U.S.C. § 2255. Petitioner claims that if his lawyer had conducted an adequate investigation, he would have learned that Petitioner's confession was inadmissible because he was not read his *Miranda* rights. *Id.* at 6. In fact, Petitioner was read his rights prior to his confession and signed a waiver of these rights in his native language. *See* Dkt. 158, Trial Ex. List, Exs. 25, 27. He does not identify any other specific prejudice resulting from counsel's alleged failure to investigate, such another ground to challenge the admissibility or the weight of the confession evidence. Thus, even assuming counsel failed to investigate the context of Petitioner's confession, Petitioner has not established that this decision was prejudicial. *See Strickland v. Washington*, 466 U.S. 668, 690 (1984) (holding that because unreasonable conduct and prejudice are both required elements, "[a] court need not first determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant"); *Hendricks v. Calderon*, 70 F.3d 1032, 1040 (9th Cir. 1995).

Second, Petitioner has not established that counsel's decision to not cross examine Agent Martin regarding his confession was objectively unreasonable under *Strickland*. *See* § 2255 Mot. at 6; *Strickland*, 466 U.S at 690. Petitioner made a videotaped confession after he was read his rights and waived them in a signed document written in his native language. *See* Trial Ex. List, Exs. 25, 27. The record reflects that counsel made the decision not to cross examine the agent who obtained the confession after determining that the confession was admissible. *See generally* Dkt. 259, Trial Tr., Day Two Afternoon. It appears that, given the conclusive nature of this evidence, Petitioner's counsel made a strategic decision not to further highlight the confession by cross examining Agent Martin on the topic. *See Strickland*, 466 U.S. at 690 ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.");

*Chilinski v. Montana*, No. CV 18-41-H-BMM-JTJ, 2019 WL 5865300, at *6 (D. Mont. Aug. 6, 2019). In this context, counsel's use of his discretion not to cross examine cannot be said to be objectively unreasonable. *See Strickland*, 466 U.S. at 690. Thus, his request for § 2255 relief on this ground also fails.

Third, Petitioner has not established that his counsel was objectively unreasonable in declining to challenge a specific offense enhancement at sentencing for the possession of a gun. The record demonstrates that the Court had strong evidence that Petitioner warranted this enhancement for owning a firearm. *See* Dkt. 226, Pre-Sentence Report at 9, 15 ("The investigation netted several seizures of drugs, as well as a firearm from Ramirez's residence."); Trial Ex. List, Ex. 28; Trial Tr., Day Two Afternoon at 350–51; *see also* U.S.S.G. § 2D1.1(b)(1) (stating that a two-point upward adjustment is appropriate if the defendant possessed a dangerous weapon, such as a firearm, in furtherance of a drug crime). Given the strong evidence illustrating that Petitioner possessed a gun in furtherance of his drug dealing, counsel was not objectively unreasonable in declining to challenge this enhancement. *See Strickland*, 466 U.S. at 687–88 (stating that counsel has no obligation to raise meritless or frivolous arguments). Therefore, his request for relief under § 2255 on this ground also fails.

Fourth, Petitioner has not established that counsel's actions were objectively unreasonable or prejudiced him by not spending enough time with him in preparation for trial. "Adequate consultation between attorney and client is an essential element of competent representation of a criminal defendant." *United States v. Tucker*, 716 F.2d 576, 581 (9th Cir. 1983). "While the amount of consultation required will depend on the facts of each case, the consultation should be sufficient to determine all legally relevant information known to the defendant." *Id.* at 581–82 (stating that the amount of client communication required depends on factors such as the amount and complexity of the evidence to be presented at trial). Petitioner argues that he only met with counsel for a cumulative total of one hour and that this fact by itself amounts to ineffective assistance of counsel. § 2255 Mot. at 9. The Court finds that this, by itself, is insufficient to show that

counsel did not adequately consult with his client. The record demonstrates that Mr. Pippins was well-versed in the facts and law of the case prior to as well as during trial. *See generally* Dkt. 71, Def.'s Mot. to Suppress; Dkt. 354, Gov't Opp'n, Ex. D; Trial Tr., Days 1 and 2. Moreover, aside from general assertions that Petitioner was not informed of the costs and benefits of various litigation options and therefore could not help mitigate the risks of his case, *see* § 2255 Mot. at 10, Petitioner has not identified any specific prejudice to the litigation resulting from counsel's alleged lack of communication. *See Strickland*, 466 U.S. at 688. Because Petitioner cannot establish that counsel was unreasonable or that he was prejudiced by counsel's failure to adequately consult with him, the Court denies § 2255 relief on this ground.

Fifth, Petitioner's argument that his counsel was deficient in declining to ask the Court for a specific jury instruction at trial also fails. Specifically, Petitioner argues that because he was only charged with one count of conspiracy but trial evidence included two separate conspiracies, the jury should have been instructed that it had to unanimously agree on which particular conspiracy he was guilty of. Because this issue was raised by Petitioner (and denied by the Ninth Circuit) on direct appeal, *see United States v. Ramirez*, No. 19-50360, 2021 WL 3615379, at *2 (9th Cir. Aug. 16, 2021); Appellant's Opening Br. at 31, *Ramirez*, 2021 WL 3615379, Petitioner is barred from relitigating this claim in a § 2255 motion. *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000) ("When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition."); *see also United States v. Redd*, 759 F.2d 699, 700–01 (9th Cir. 1985). Accordingly, the Court denies Petitioner's motion on this ground.

Finally, Petitioner has not established that his counsel was ineffective in failing to (1) communicate a plea offer from the government and (2) inform him of the option to enter an open plea. Petitioner asserts that he "is informed and believes that a plea offer was made" by the government, but that his counsel failed to notify him of this offer. § 2255 Mot. at 8. The government disputes this claim and offers evidence showing that, as of May

7, 2019 (approximately one month prior to trial), a formal offer had not been conveyed. Gov't Opp'n, Ex. D ("Gov't Emails with Def.'s Counsel"). Petitioner's bare assertion that a plea offer was made, without further explanation or support, is insufficient to show objectively unreasonable conduct. *See Peabody v. United States*, 394 F.2d 175, 177 (9th Cir. 1968) (holding that conclusory allegations are insufficient to justify § 2255 relief or an evidentiary hearing); *Wallace v. United States*, 457 F.2d 547, 548 (9th Cir. 1972) (same). Further, even if Petitioner were able to demonstrate that a formal plea offer was made but not conveyed to him by counsel, he does not make the requisite showing of prejudice. To show prejudice in the plea context, a petitioner must demonstrate a reasonable probability that, but for counsel's shortcomings, (1) they would have pled guilty; (2) the plea would have been entered without cancellation by the prosecution or the trial court refusing to accept it; and (3) the plea would have resulted in a more favorable outcome by reason of a plea to a lesser charge or a sentence of less prison time. *Missouri v. Frye*, 566 U.S. 134, 147 (2012). Because Petitioner does not address whether the Court would have accepted the guilty plea if an agreement had been offered and that the offer would not have been cancelled by the prosecution, he has not demonstrated prejudice. Petitioner similarly fails to address the prejudice he suffered due to his counsel's failure to discuss an open plea with him. The Court therefore finds that Petitioner has not established that he suffered prejudice due to these alleged failures and denies relief on these grounds. *See Strickland*, 466 U.S. at 670.

Petitioner also requests (1) leave to conduct discovery regarding his claims; (2) an evidentiary hearing; and (3) the appointment of counsel. § 2255 Mot. at 15–17. For the above reasons, Petitioner has not established that he can succeed on his § 2255 claims. He therefore lacks good cause for discovery. *See id.* at 15; *United States v. Kalfsbeek*, No. 2:05-CR-0128 LKK AC, 2013 WL 129409, at *3 (E.D. Cal. Jan. 9, 2013) (quoting *Calderon v. U.S. Dist. Court*, 98 F.3d 1102, 1106 (9th Cir. 1996)) ("Habeas petitioners may not 'use federal discovery for fishing expeditions to investigate mere speculation.'"). Also, because Petitioner's claims are either insufficient to show unreasonable conduct or

1  establish prejudice, the Court finds that there is no need to conduct an evidentiary hearing.
2  *See* § 2255 Mot. at 16; *Peabody*, 394 F.2d at 177 (holding that bald, unsupported assertions
3  do not warrant an evidentiary hearing).  Finally, the Court denies Petitioner's motion to
4  appoint counsel, § 2255 Mot. at 17, because he has not established that he is likely to
5  succeed on the merits of his claims. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th
6  Cir. 1986) (holding that appointment of counsel in a § 2255 case requires "extraordinary
7  circumstances" such as a showing that the petitioner is likely to succeed on their claims).

8      For the above reasons, the Court DENIES Petitioner's § 2255 motion and his
9  requests for discovery, for an evidentiary hearing, and to appoint counsel. Dkt. 339. The
10 Court also DECLINES to certify this case for appeal because Petitioner has not made a
11 substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(2); *see*
12 *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (stating that a § 2255 certificate of
13 appealability may only be issued where "reasonable jurists would find the district court's
14 assessment of the constitutional claims debatable or wrong").

15     **IT IS SO ORDERED**.
16 Dated:  August 8, 2024

_____
Honorable Jinsook Ohta
United States District Judge